UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61938-CIV-COHN/SELTZER

MANUEL RAMOS,

        Plaintiff,

v.

AURORA LOAN SERVICES,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss [DE 14]. The Court has considered the Motion, the record in this case and is otherwise advised in the premises.

This action is based on Plaintiff's claims that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"). Defendant filed and served the Motion to Dismiss on January 20, 2010. Plaintiff obtained an extension to February 17, 2010 to file a response to Defendant's Motion to Dismiss. Rather than responding to the Motion to Dismiss, Plaintiff filed an Amended Complaint [DE 18]. Federal Rule of Civil Procedure 15(a) controls Amended Pleadings and provides, in pertinent part:

    (a) Amendments Before Trial.

    (1) Amending as a Matter of Course. A party may amend its pleading
    once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21
    days after service of a responsive pleading or 21 days after service of a
    motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) Other Amendments. In all other cases, a party may amend its

> pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, Defendant filed the Motion to Dismiss on January 20, 2010. Pursuant to Rule 15(a)(1)(B), Plaintiff had until February 10, 2010 to file the Amended Complaint without Defendant's consent or the Court's leave. Accordingly, because the Amended Complaint was not filed until February 17, 2010, Plaintiff's filing of the Amended Complaint is not a proper response to Defendant's Motion to Dismiss.

In addition, the Court has reviewed the Amended Complaint which is fourteen pages longer than the original Complaint. Many of the additional pages consist of nothing more than block quotes from TILA. These block quotations are, for the most part, not specifically tailored to the facts of Plaintiff's case and, therefore, are of little assistance to the Court. In any event, such information should have been included in a response to Defendant's Motion to Dismiss and in which Plaintiff should have directly addressed the arguments raised by Defendant. Accordingly, the Court will grant Defendant's Motion to Dismiss and dismiss the original Complaint [DE 1] without prejudice. The Amended Complaint [DE 18] will be stricken because Plaintiff failed to comply with Rule 15(a) of the Federal Rules of Civil Procedure.

In filing an Amended Complaint, Plaintiff should file "a short plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 14] is **GRANTED**.
2. Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice**.

3. Plaintiff's Amended Complaint [DE 18] is **STRICKEN**.

4. Plaintiff shall file an Amended Complaint on or before **March 22, 2010**.

5. Defendant shall file its Response to the Amended Complaint on or before **March 29, 2010**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 15th day of March, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF